STATE *v.* J. T. AINSWORTH.

To bar a prosecution for selling liquor without a license, it is not sufficient
for the respondent to show he has been indicted and convicted since the
date of the offence now proved against him. He must prove that con-
viction to have been for *the same act of selling,* now complained of.

THIS was an information filed by the state's attorney, at the
March term of the county court, 1838, charging the defend-
ant, in eleven counts, with having sold, to eleven different
persons, rum, brandy, gin and wine, by small measure,
that is, by the half pint, gill and half gill.

The defendant pleaded not guilty—issue to the country.

On the trial the prosecutor offered, under the first count,
to prove the offence to have been committed in February,
A.D. 1837, to which the defendant objected, on the ground
that the offence was barred by the statute of limitations,
and the defendant also offered to prove that he had been
indicted, by the grand jury of this county, at the Au-
gust term, 1837, for selling rum, brandy, gin and wine, in
less quantity than one pint at a time, to divers individuals
therein named, and that he was convicted thereon and
fined ; but, it appearing that none of the individuals
named in that indictment, were the same individuals named
in the present information, the court decided that said in-
dictment and conviction, at the August term aforesaid, was
no bar to any offence of the kind, character and degree des-
cribed in the present information, not set forth in the former
indictment, though committed before the said indictment
was filed, and rejected the evidence so offered.   The de-
fendant then requested the court to charge the jury, that if
they should find the offence to have been committed in
February, A.D. 1837, the defendant must be discharged, as
the offence was barred by the statute of limitations, but the
court charged the jury that the prosecution was not bar-
red if they should find the offence to have been committed
in February, 1837.   There was no evidence given under
the first count, tending to show that any offence charged in
that count had been committed at any time since February
1837.

Verdict of the jury, that defendant was guilty on the first

count, and not guilty on all the remaining counts in the information.

To the above decision, and charge of the court, the defendant excepted.

*A. G. Whittemore,* for the respondent.

*D. French,* state's atorney, for prosecution.

The opinion of the court was delivered by

COLLAMER, J.—There is no ground for saying that this offence was within the statute of limitations, and that is abandoned by the respondent's council. By our statute, the selling of spirituous liquors by small measure without license is penal, and, by express statute, each act of selling is a distinct offence, and incurs a distinct penalty. Stat. of 1830, sect. 2. It follows, as a necessary consequence, that, for each act of selling, the offender may be prosecuted by a separate indictment or information, or by different counts in the same, as may be done for any other crime or misdemeanor. When a man is shown guilty of an offence, he may defend himself by the plea of *autrefois convict,* as was attempted in this case. To sustain this defence, the respondent must show that he has been legally convicted of the *same* offence for which he is now prosecuted. To this end, he must produce the record of conviction, and must then produce substantive testimony to show to the jury, that it was identically the same offence as the one for which he is now prosecuted. In this case the respondent was shown guilty of a certain act of selling. He showed a conviction of an act of selling, which conviction was after the one now proved, but he offered no testimony tending to show it was the same act. The former indictment was for an act of selling, alleged to be to a different person. This tended to show it was a different act. The respondent seemed to insist, that if the offence was committed before the former indictment, that was a bar. The court very correctly decided the law to be otherwise, and, most clearly, the respondent did not show that the offence, for which he was convicted, was the same as that now shown against him.

Sentence pronounced.