#### FOR THE

### COUNTY OF CHITTENDEN.

#### DECEMBER TERM, 1849.

---

PRESENT,

Hon. STEPHEN ROYCE, Chief Judge.
Hon. MILO L. BENNETT, ⎫
Hon. DANIEL KELLOGG, ⎬ Assistant Judges.
Hon. HILAND HALL, ⎭

---

### STATE *v.* PHILIP SMITH.

Upon the trial of an indictment, in several counts, for violations of the license law by the sale of spirituous liquors, it is not error in the county court to permit the prosecutor, after having given evidence tending to prove as many distinct breaches of the law by the respondent, within the time covered by the indictment, as there are counts in the indictment, to proceed and prove other sales within the same period of time.

The putting the prosecutor to his election for what offences he will proceed, in cases of this kind, is matter of practice, and should rest in the sound discretion of the county court; and the most, which the respondent can claim, is, that the election should be made before he is called upon for his defence.

A conviction, upon an indictment for a breach of the license law, will be, *prima facie*, a bar to a second indictment for a similar offence by the respondent previously committed. BENNETT, J.

The license law of this state, enacted in 1846, is not unconstitutional.*

---

* See *Bancroft et al.* v. *Dumas*, 21 Vt. 456.

INDICTMENT, in three counts, for breaches of the license law of this state, enacted in 1846. Plea, not guilty, and trial by jury, March Term, 1848,—BENNETT, J., presiding.

On trial the prosecutor gave evidence tending to prove three distinct sales of spirituous liquors by the respondent, without license, between the first day of May, 1847, and the day of presenting this bill, and then offered evidence to prove other sales within the same period of time,—to which the respondent objected, claiming that the prosecutor, by his evidence, had elected, for what sales he would proceed; but the court overruled the objection, and allowed the prosecutor to give evidence tending to prove sales exeeeding in number the counts in the indictment.

The respondent requested the court to charge the jury, that the statute, upon which this indictment was founded, was unconstitutional; but the court instructed the jury, that the statute was valid; and the jury returned a verdict, that the respondent was guilty upon the first two counts of the indictment, and that he was not guilty upon the third. Exceptions by respondent.

*L. E. Chittenden* and *C. D. Kasson* for respondent.

*H. Adams,* state's attorney.

The opinion of the court was delivered by

BENNETT, J. This is an indictment against the respondent for a violation of the license laws, in three counts; and the only question argued is, was it error in the county court to permit the government, after having given evidence *tending* to prove a sale at three different times, to prove a sale at any other time? We think not. It might have been the case, and probably was, that the attorney for the government had failed, in the first instance, to make out a *fair prima facie* case upon all the counts in the indictment, if upon any, —especially as, in the end, a conviction was had only upon two of the counts; and this supposition is consistent with the bill of exceptions, which stated, that after having given evidence *tending* to prove, &c.

It was claimed, that the government had made their election, for what sales they would proceed, the moment they had introduced any

evidence, tending to prove three distinct sales, and that they could not abandon them and go for other sales; and, if permitted so to do by the court below, that it was error.    But we think, that this doctrine of putting the prosecutor to his election is matter of practice, and should rest in the sound discretion of the court below.    It is said by ALDERSON, J., in *Wrigglesworth's Case,* " that it is not usual, to put the prosecutor to his election immediately upon the case being opened; and *semble,* that the reason for putting a prosecutor to his election being that the prisoner may not have his attention divided between two charges, the election ought to be made not merely before the case goes to the jury, as it is sometimes laid down, but before the prisoner is called upon for his defence, at the latest." See Roscoe's Crim. Law, p. 216.    We think there is much good sense in the views expressed by Justice ALDERSON, and that all that a prisoner can claim from this doctrine of election, under a sound exercise of the discretion of the court, especially in a case of this kind, is, that it should be made before the prisoner is called on for his defence.    We all know, who are conversant with trials for a violation of the license laws, that in point of fact the prosecutor is often compelled to go to trial, without being in full possession of his proofs.    If in such cases the prosecutor was required to make his election from the first, it would indeed be a hardship upon him, and more than the prisoner should require.    If the prosecutor is required to make his election, before the cause goes to the jury, and before the respondent is called upon for his defence, it should satisfy all that can be justly claimed.

It is said in argument, that if the course of trial adopted by the county court is sustained, the respondent may be convicted for an offence, for which he was not indicted.    This may be so; and it does not follow, that it might not have been so, if a conviction had been had for any of the sales, which the prosecutor first attempted to prove.    We have no means of knowing, which were the precise sales proved before the grand jury, and upon which the indictment was found.

It has also been said, that it was error in the county court to permit the prosecutor to attempt to prove more than three distinct sales, because, upon conviction, the record could not be pleaded in bar to an indictment for a sale prior to the finding of the present

bill. But we are inclined to think, that a conviction in this case should be a *prima facie* bar to any second indictment for any prior sale. And we are especially inclined to think, it should be so held, since this court have decided, that it was not essential, that the names of the persons, to whom the sale was made, should be stated in the indictment. It has been sometimes said, that to make out a bar arising from a prior conviction, the prisoner must not only produce the record, but also substantive testimony, that the offence is the same, as that for which a conviction had been had. Though doubtless, in a plea in bar, it is necessary that there should be an averment as to the *identity* of the offence, yet that may, as matter of evidence, appear directly from the record; and if it does not so appear, it may be averred, and be proved by parol. And in a case like the present we think the *identity* of the offence should be *intended,* and that, if the offence were not the same, the showing should come from the prosecutor, upon a proper replication. If this be not so, I apprehend an indictment, omitting the name of the person, to whom the sale was made, and not averring, that he was unknown, should have been held bad for uncertainty. There is nothing in the case of *State* v. *Ainsworth,* 11 Vt. 91, which is at variance with the idea, that the record in this case should be held sufficient to make out a *prima facie* bar.

The constitutional question in relation to the license laws, saved by this bill of exceptions, having been decided in a previous case, and being now waived, we need take no time with it. It is sufficient, that it has been settled.

We think, then, that if this court has power to revise the decision of the county court,—of which I have much doubt,—that court exercised their discretion soundly, and that the respondent has no just ground of complaint, and that much less is there any error in their proceedings.

The result is, that the respondent take nothing by his exceptions, and this court will pass sentence.