## THE STATE OF KANSAS v. T. P. RUDY.

No. 690.* (57 Pac. 263.)

1. CRIMINAL LAW—*Disagreement of Jury—Discharge.* In the trial of a criminal case, the jury may be discharged without a verdict when it is made to appear to the satisfaction of the court that there is no reasonable probability of their agreeing upon a verdict. There is no arbitrary period of time that a jury should be kept together: it is only contemplated that they be kept a reasonable length of time, or that a showing be made that there exists some one of the statutory reasons for its discharge.

2. INTOXICATING LIQUORS—*Evidence—Former Trial.* In a prosecution for the violation of the prohibitory liquor law, the defendant on appeal may be convicted upon other evidence than that offered at the former trial. The gist of the offense is the unlawful selling of intoxicating liquors, and the defendant may be convicted of any unlawful sale which was in the mind of the prosecutor at the time he filed the complaint, or was set forth in the testimony of the witnesses filed therewith, whether such sale was relied upon at the former trial or not.

3. ———— *Sales—Election by State.* Where the testimony shows but two sales, one of whisky and one of beer, made by the de-

* Petition for order to certify denied by supreme court July 11, 1899.—REP.

The State v. Rudy.

fendant to Jacob Wolfley, an election that "the state relies for conviction upon the fourth count of the complaint upon the testimony of Jacob Wolfley, who testified that he purchased a glass of whisky from the defendant in July, 1898, for which he paid the defendant ten cents," is sufficiently definite and certain.

Error from Jackson district court; LOUIS A. MYERS, judge. Opinion filed May 10, 1899. Affirmed.

*H. F. Graham*, county attorney, for The State.
*Crane & Woodburn*, for appellant.

The opinion of the court was delivered by

McELROY, J. : The appellant was charged in the complaint in justice's court in four counts with the unlawful selling of intoxicating liquors, and in one count with maintaining a nuisance under the prohibitory liquor law.

At the trial in the justice's court, after the state had closed its evidence, the county attorney dismissed the prosecution as to the first, second, and third, and elected to rely for a conviction on the fourth and fifth counts. The case was submitted to the jury upon the evidence, instructions, and arguments of counsel. The court discharged the jury without a verdict. A second trial was had in justice's court, at which the defendant was convicted on the fourth and acquitted on the fifth count of the complaint. An appeal was then prosecuted and a trial was had in the district court, where the defendant was found guilty on the fourth count, and was sentenced to thirty days' imprisonment in the county jail and to pay a fine of $100 and costs of prosecution. The defendant appeals, and complains that there is error in the proceeding of the trial court.

The defendant claims that the court erred in overruling his plea of former jeopardy. He contends that there was no lawful necessity for the discharge of the

The State v. Rudy.

jury upon the first trial in the justice's court.   The record reads :

"After being out for some time, they reported to the court that they were unable to agree upon a verdict, and were sent back to consider their verdict. After some time had elapsed they returned into court, and each juror stated to the court that it was impossible for them to agree upon a verdict, whereupon, the jury was, by the court, discharged."

The appellant relies, in support of this contention, on the case of *The State v. Allen*, 59 Kan. 758, 54 Pac. 1060, which does not support his contention.   The court said :

" It does not appear from the record that the jury was unable to agree, nor is there any record entry of an absolute necessity for their discharge.   Some testimony was admitted at the trial of this plea, but it was received under objection, and it is contended that only record evidence is admissible.   The contention of the defendant is not that a mistrial operates as a bar to a further proceeding, but it is that the record must affirmatively show that some of the reasons enumerated in the code for the discharge of a jury without a verdict actually existed.   It does not appear upon the record that the jury could not have agreed, nor whether a reasonable time was given them within which to reach an agreement.   It does not show that the jurors informed the court or held the opinion that an agreement was improbable, nor was there any finding of the court that the jury, after being given a reasonable time for deliberation, were unable to agree upon a verdict ; indeed, it does not appear that the court exercised its judgment on the question as to whether or not there was a probability of agreement, or necessity for the discharge of the jury without having rendered a verdict.   .   .   .   As we have seen, the record in this case falls far short of showing a statutory reason,. or a lawful necessity for the discharge of the jury, and hence the plea of former jeopardy must prevail."

Section 208 of the criminal code (Gen. Stat. 1897, ch. 102, § 201; Gen. Stat. 1899, § 5458), provides:

"The proceedings prescribed by law in civil cases in respect to the impaneling of jurors, the keeping them together, and the manner of rendering their verdict, shall be had upon trials on indictments and informations for criminal offenses, except in cases otherwise provided by statute."

Section 281 of the civil code (Gen. Stat. 1897, ch. 95, § 291; Gen. Stat. 1899, § 4544), provides:

"The jury may be discharged by the court on account of the sickness of a juror, or other accident or calamity requiring their discharge, or by consent of both parties, or after they have been kept together until it satisfactorily appears that there is no probability of their agreeing."

In the case at bar, the court substantially complied with the provisions of the statute relating to the discharge of the jury. The record satisfactorily shows there was no probability of the jury agreeing; the jury twice reported to the court its inability to agree upon a verdict, and prior to its discharge each juror answered for himself that it was impossible for them to agree upon a verdict. Upon such a showing the court was authorized, in the exercise of its discretion, to discharge the jury. It is true that the record does not disclose the length of time that the jury remained in consultation, but this is not necessary; there is no arbitrary period of time a jury should be kept together. It is only required that the jury be kept together a reasonable time, or that a showing be made to the court that there exists some one of the statutory reasons for its discharge. The length of time a jury should be kept together and the improbability of an agreement must be determined by the trial court from the facts of that particular case, and its decision

The State v. Rudy.

usually will be conclusive, unless it is apparent that the court has abused its discretion.

The complaint was verified by the positive oath of the prosecuting attorney. There was also the testimony of witnesses filed with the complaint. On the hearing of a motion · to quash, the county attorney was a witness. He testified that he had notice of violations of the law from the evidence taken by him before the complaint was filed; also, that he had notice of such violations from other sources. The defendant was charged in each count of the complaint with an offense. He was not charged with selling to any particular person, nor of selling any particular kind of liquor, nor at any exact date. This the law does not require. The first, second and third counts of the complaint were dismissed at the first trial before the election was made by the state. The prosecuting attorney had a right, with permission of the court, to dismiss· such of the counts of the complaint as he deemed proper. At the second trial in justice's court the state made its election on the fourth and fifth counts. The defendant was found guilty on the fourth count, and he appealed. There was then but the one charge against the defendant, and that was for the unlawful selling stated in the fourth count. This was the charge upon which the defendant was on trial in the district court — the same charge on which he was twice tried in the justice's court. On the first trial the jury failed to agree; on the second, the defendant was found guilty, and appealed. Here the appellant contends that he can successfully plead a former jeopardy as to each and every sale upon which he could have been convicted on the counts of the complaint so dismissed.

At the first trial in justice's court, the prosecution

elected to rely for a conviction on the fourth count of the complaint on the testimony of one witness and one sale; at the second trial in justice's court, the state relied for a conviction on the fourth count of the complaint on the testimony of F. E. Bowman and Andrew Freel. At the trial in the district court, "the state relied for a conviction upon the testimony of Jacob Wolfley, who testified that he purchased a glass of whisky from the defendant in July, 1898, for which he paid ten cents." The contention of the appellant amounts to this, that the state can only convict the defendant upon the same evidence, and evidence of the identical sale in the trial of the case in the district court as was introduced at the former trials. This contention cannot be supported. The state may or may not rely upon the same evidence and the same sale in the second trial; the gist of the offense is the unlawful selling of intoxicating liquors, not to a particular person, but *any* unlawful sale. The defendant may be convicted of any unlawful sale which was in the mind of the prosecutor at the time of filing the complaint, or of any unlawful sale set forth in the testimony filed with the complaint, whether such sale was relied upon at the former trial or not.

It is contended that the court erred in overruling the appellant's objection to the introduction of evidence. The appellant cites in support of this contention *The State v. Wood*, 49 Kan. 711, 31 Pac. 786. That case is not applicable to the question under consideration. In the case at bar the defendant was convicted in justice's court of selling intoxicating liquors, under the fourth count; he appealed to the district court, and was again convicted of selling intoxicating liquors, under the same count. It is true that the

evidence introduced at the trial in the district court was not all introduced upon the trial in justice's court, but this is not essential.   Upon an appeal the parties may, or may not, introduce the same evidence or the same witnesses who were used in the former trial. This is a matter in the discretion of the prosecutor. The offense was the same, the unlawful selling of intoxicating liquors, and under the same count of the information.

It is contended that the election as made by the prosecutor is not sufficiently definite and certain. The election is, "the state relies for conviction upon the fourth count of the complaint upon the testimony of Jacob Wolfley, who testified that he purchased a glass of whisky from the defendant in July, 1898, for which he paid the defendant ten cents." In what particular could the state have made its election more certain?   It designates the sale, the date, to whom made, the kind of liquor, and the amount paid.   There is no uncertainty in it.   The defendant seemed satisfied with it at the time it was made; at least, the record fails to show that he made any effort to have it made more definite and certain.   The witness testified to two sales only — one whisky and one beer.

The appellant contends that the court erred in giving the second instruction: "The state elects to rely for a conviction upon the sale testified about by Jacob Wolfley."   In support of this contention, we are referred to *The State v. Guettler*, 34 Kan. 582, 9 Pac. 200.   This authority has no application whatever to the question of instructions, but relates solely to the question of the election by the county attorney and to its sufficiency.   We think it was proper for the court to state to the jury upon what sale the state has made its election to rely.   It seems to be very

proper that the court should make such statement, and we see no objection to the instruction. We cannot conceive it possible that the instruction of which complaint is made could in any manner have prejudicially affected the rights of the defendant. The motions in arrest of judgment and for a new trial were properly overruled.

The judgment is affirmed.