### STATE *v.* EDDIE BARR AND FRANK PIANFETTI.

May Term, 1905.

Present: ROWELL, C. J., MUNSON, START, WATSON, HASELTON, and POWERS, JJ.

Opinion filed October 25, 1905.

*Criminal Law—Intoxicating Liquor—Information — Distinct Offences—Election—Evidence—Constitutional Law—Motion in Arrest.*

In a prosecution under an information in six counts charging the unlawful selling and furnishing of intoxicating liquor, it was not error to allow the State, after having introduced evidence tending to show six offences of selling, to introduce evidence of other sales.

But it was error for the court to refuse, at the close of all the evidence, to require the State to elect the occasions on which it would rely for a conviction under the six counts for selling, and to allow the case to go to the jury on all the evidence of sales, although it ruled that there could be a conviction of only six offences, and charged that each offence must be found on evidence particularly relating to it.

In a prosecution for unlawfully selling intoxicating liquor, it was proper to allow officers to testify as to what they saw on the respondent's premises while illegally searching there for intoxicating liquor.

After verdict, in a prosecution for selling intoxicating liquor without a license, in violation of No. 90, Acts 1902, the sale found must be taken to be unlawful, as against the objection made on motion in arrest of judgment, that the words "intoxicating liquor," used in the information, include cider and wine which, in certain circumstances, may be lawfully sold without a license.

Nor can the respondents, on such motion in arrest of judgment, avail themselves of the objection that said act contains unconstitutional discriminations in respect of cider and wine; for as it does not appear that they were convicted of selling either cider or wine, it does not appear that they were affected in any way by the alleged discriminations.

INFORMATION for selling and furnishing intoxicating liquor without a license, in violation of No. 90, Acts 1902, with two counts for "keeping and exposing for sale." Trial by jury at the December Term, 1904, Caledonia County, *Tyler,* J., presiding. Plea, not guilty. Verdict, "guilty of one joint offence;" judgment thereon. The respondents excepted.

Subject to respondent's objection and exception certain police officers of the village of Hardwick were allowed to testify that in the spring of 1904 they made searches of respondent's premises under warrants authorizing them to search for intoxicating liquor; that while making these searches they saw a sink with a faucet over it, back of the counter in the rear of respondent's store, and that on the occasions of the several searches the water was found running from the faucet into said sink. The search warrants were not produced.

*Taylor & Dutton* for the respondents.

The State should have been required to elect what offences it relied upon. *State* v. *Smith,* 22 Vt. 74; *State* v. *Smalley,* 50 Vt. 749; *State* v. *Lockwood,* 58 Vt. 378; *Com.*

v. *O'Hanlon,* 155 Mass. 198; *Scott* v. *The State,* (Tex. 1904) 81 S. W. 950; *Powell* v. *The State,* (Tex. 1904) 82 S. W. 516; *Smith* v. *Com.,* 109 Ky. 685; *Com.* v. *Illinois Cent. R. Co.,* 82 S. W. 381; *Brown* v. *The State,* (Tex. 1904) 83 S. W. 378; *State* v. *Moore,* 2 Penn., (Del.) 299-320.

The warrants with the return thereon were the only proper evidence of the police officers' right to search respondents' premises. The several searches were unlawful, and no evidence could be given of what the officers found on the premises, because that would be compelling the respondents to furnish evidence against themselves. Constitution of Vermont, Chap. 1, Art. 10; *State* v. *Salmon,* 73 Vt. 212; *Newberry* v. *Carpenter,* 107 Mich. 567, 61 St. Rep. 346; *State* v. *Davis,* 32 St. Rep. 643; *State* v. *Height,* (Ia. 1902) 59 L. R. A. 438.

*Frank D. Thompson,* State's Attorney, and *David E. Porter* for the State.

The evidence of the officers as to what they saw on the respondents' premises, while making searches in the spring of 1904, was properly admitted. *Adams* v. *New York,* 192 U. S. 585; *State* v. *Flynn,* 36 N. H. 64.

In an information for selling intoxicating liquor, it is not necessary to specify the kind of liquor sold, nor the person to whom the liquor was sold. *State* v. *Munger,* 15 Vt. 290; *State* v. *Reynolds,* 47 Vt. 297; *State* v. *Hodgson,* 66 Vt. 134.

If the intoxicating liquor which respondents sold or furnished was wine or cider, and they sold or furnished it lawfully, this was matter of defence, and need not be negatived in the information. *Com.* v. *Hart,* 11 Cush. 130; *State* v. *Abbey,* 29 Vt. 60; *State* v. *Butler,* 17 Vt. 145; *State* v.

*Barker,* 18 Vt. 195; *State* v. *Norton,* 45 Vt. 258; *State* v. *Freeman,* 27 Vt. 523.

ROWELL, C. J.    This is an information under the license act of 1902.    Six counts are for selling and furnishing intoxicating liquor without a license; and two, for keeping and exposing for sale without a license.

It was not error to allow the State, after having introduced evidence tending to show six offences of selling, to introduce evidence of other sales.    This precise question was so ruled in *State* v. *Smith,* 22 Vt. 74, and in *State* v. *Croteau,* 23 Vt. 14.

But as each sale was a separate offence, it was error for the court to refuse at the close of the testimony to require the State to elect the occasions on which it would rely for conviction under the counts for selling, and to allow the case to go to the jury on all the evidence of sales, although it ruled that there could be a conviction of no more offences than there were counts, and charged that each offence must be found on evidence particularly relating to it.    Although that was a question of practice, addressed to the discretion of the court, still that discretion was to be exercised within the bounds of the law, which are pretty well defined in such cases.    *Hubbard* v. *Hubbard,* 77 Vt. at p. 77.    The object of an election being, whether of counts or offences, to save the prisoner from embarrassment in his defence, the cases say that as a rule it should be made before the prisoner is called upon to put in his evidence.    Thus, in *State* v. *Smith,* 22 Vt. 74, this Court said there is much good sense in what Alderson, J., said in Wrigglesworth's case, that the election ought to be made, not merely before the case goes to the jury, but before the prisoner is called upon for his defence, and approved of that as satisfactory.    *State* v. *Willett,* 78 Vt. 157.

The special circumstances of a case may make it proper to defer election till the testimony is all in. *Pointer* v. *United States*, 151 U. S. 396. But then it should be made before summing up. *Woodford* v. *People*, 62 N. Y., at p. 131.

In a prosecution for rape where several acts of intercourse were proved, the State was allowed to go to the jury on all of them, and held error, for each act being a separate offence, the State should have been put to elect which it would rely upon. *Powell* v. *State*, Texas Crim. App., Oct. 1904, 82 S. W. Rep. 516.

It is held in Kentucky that where several separate offences are proved, though the indictment is general, the State must elect, and cannot submit them all to the jury. *Commonwealth* v. *Illinois Central R. R. Co.*, Court of App., Oct. 1904, 82 S. W. Rep. 381. In *Smith* v. *Commonwealth*, 109 Ky. 685, that Court said that the State should not be allowed to prove a number of separate offences beyond what are charged, and submit them all to the jury, to catch the prisoner in a dragnet of offences.

It is contended that the several searches of the respondent's premises were illegal, and that therefore it was error to allow the officers to testify to what they saw there while making them, as that was compelling the respondents to furnish evidence against themselves. But this question was ruled the other way in *State* v. *Krinski*, 78 Vt. 172. The same thing is held in *Commonwealth* v. *Hurley*, 158 Mass. 159.

Under the motion in arrest, it is urged that as cider and wine are included in the words, "intoxicating liquor," as used in the information, which could be lawfully sold in some circumstances without a license, the information should have negatived those circumstances, or have specified the kind of liquor sold. But after verdict, the sale found must be taken

to have been unlawful, for the presumption is in favor of the legal correctness of the verdict, the contrary not appearing.

It is further urged under the motion, that said act is unconstitutional as interfering with interstate commerce, and as being in derogation of the Fourteenth Amendment of the Federal Constitution, in that it in terms discriminates in favor of cider and wine manufactured in this State, and unreasonably discriminates between sales of cider by the barrel and sales in lesser quantities. But as it does not appear that the respondents were convicted of selling either cider or wine, it does not appear that they were in any way affected by those discriminations if they existed, and therefore they cannot be heard to contest the constitutionality of the act on that ground. *State* v. *Scampini,* 77 Vt. 92.

*Judgment and sentence reversed, verdict set aside, and cause remanded for a new trial.*