STATE v. CHARLES WILLETT.

October Term, 1904.

Present: ROWELL, C. J., MUNSON, START, WATSON, HASELTON, and
POWERS, JJ.

Opinion filed November 3, 1905.

*Statutory Rape—Evidence—Other Sexual Acts—Election—
Complaint of Prosecutrix—Improper Answer to Proper
Question—Alibi.*

In a prosecution for statutory rape, no date given by the State's Attor-
ney in his opening statement can make the one alleged in the
information an impossible date.

In a prosecution for statutory rape, it was not error to allow the State
to introduce evidence of sexual intercourse had on different days,
and to refuse to require it to elect the occasion on which it would
rely till the close of its case.

In such case, the matter of election is, ordinarily, within the discre-
tion of the trial court, and no exception lies to its action thereon,
provided an election is compelled before the respondent is called
upon for his defence.

In a prosecution for statutory rape, a witness called by the State to
prove a complaint by the girl, after having been cautioned not
to name the person complained of, was asked to state the nature
of the complaint, and answered, "She said he had insulted her."
The witness was then asked what she said had been done to her,
and answered, "She did not say, only that is the way she said it."
The answers were objected to on the ground that they named the
respondent. *Held*, that the State was without fault, and the case
should not be reversed.

In a criminal prosecution, time need not be proved as alleged, unless
it is descriptive of the offence.

In a prosecution for statutory rape, it appeared that the girl was at
respondent's house during four weeks in August. She testified to
five or six occasions during the second and third week of her stay
there, without undertaking to fix the dates. The State elected
to stand upon the last occasion, but it was not required to fix the
date. On cross-examination, the girl fixed a certain day in the

last week of her stay at respondent's house as the last occasion, and respondent's evidence tended to show an alibi covering this day. *Held*, that it was not error to refuse respondent's request to charge that, if he had established his alibi covering the date named, he was entitled to an acquittal; and that it was rightly left to the jury to say whether the girl was able to fix the exact dates from memory.

INFORMATION for statutory rape. Plea, not guilty. Trial by jury at the September Term, 1903, Chittenden County, *Tyler*, J., presiding. Verdict, guilty; judgment thereon. The respondent excepted.

*H. S. Peck* and *J. J. Enright* for the respondent.

It was error to allow the witness to state that the prosecutrix complained of the respondent. The witness might just as well have said "Charles Willett," instead of using the pronoun. *State* v. *Niles*, 47 Vt. 85; *State* v. *Carroll*, 67 Vt. 497.

*M. G. Leary*, State's Attorney, for the State.

MUNSON, J. The information charged an offence on the ninth day of September, and the State's Attorney said in his opening statement that he expected to prove an offence in August. The respondent thereupon moved that the information be quashed, on the ground that it alleged an impossible date. It is certain that no statement of a time other than the one alleged could make the one alleged an impossible date under the rules of pleading. The motion was properly overruled.

The court permitted the State to introduce evidence of intercourse had on different days, as the basis of an election, and refused to require the State to select the occasion on which it would rely until the close of its case; to all of which exception was taken. The admission of evidence covering

several occasions was not error, if upon an election being made the evidence relating to other occasions bore upon the issue as finally submitted. In a prosecution for adultery, evidence of other acts of adultery occurring both before and after the one charged, is admissible. *State* v. *Bridgman*, 49 Vt. 202. The same rule must be applicable in a prosecution for statutory rape. So the evidence of the several acts was properly in the case. The matter of election is ordinarily within the discretion of the court, and it is clear that no exception will lie to the action of the court if an election is compelled before the respondent is called upon for his defence. 1 Bish. New Cr. Proc. § 461, 5; *State* v. *Smith*, 22 Vt. 74.

In undertaking to prove a complaint the State's Attorney asked in regard to the nature of it, cautioning the witness not to name the person complained of; and the witness replied, "She said he had insulted her." The witness was then asked, "What did she say had been done to her?" and replied, "She did not say, only that is the way she said it. She said he had insulted her." The answers were objected to on the ground that in effect they named the respondent, and exceptions were noted. We do not think the case should be reversed because of these answers. The State was without fault. The question was proper, and the witness carefully cautioned. The witness evidently tried to answer properly. The frame of the answer was such that a successful interruption was impossible. The answer itself did not name the respondent. It could have that effect only because the respondent was on trial and had been testified about. The propriety of allowing an exception in these circumstances has been questioned. The court would at once have instructed the jury as to the proper use of the answer upon a suggestion from respondent's counsel. This removal of the matter from the minds of the jury as far as it can be done, is all that the respondent is ordinarily entitled

to in such instances.    The views of the Court upon this sub-
ject may be gathered from *Houston* v. *Russell,* 52 Vt. 110,
117; *Frary* v. *Gusha,* 59 Vt. 257, 9 Atl. 549; *Lawrence* v.
*Graves' Estate,* 60 Vt. 657, 15 Atl. 342.

The respondent moved for a verdict on the ground of a
variance between allegation and proof as to the time when the
offence was committed.    The motion was properly overruled;
for unless descriptive of the offence the time need not be
proved as laid.    1 Bish. New Cr. Proc. 386.

The prosecutrix was at the respondent's house during the
four weeks in August.    It appears from a short extract of
her testimony, incorporated into the exceptions for another
purpose, that she testified that the first occasion was after she
had been there about two weeks.    The exceptions show that
the State's evidence tended to establish five or six occasions
during the last two weeks in August.    The respondent's re-
quests assumed that she fixed the first occasion as occurring
on Thursday or Friday of the second week, which would be
the 13th or 14th, and the last occasion as occurring on Thurs-
day or Friday of the last week, which would be August 27
or 28.    It appears from the charge, which is referred to
on the points made by the requests, that she testified to five or
six occasions during the second and third weeks, but without
undertaking to fix the days of the week or month, and testified
further that nothing occurred during the first week or the last.
The charge goes on to say that she did fix some days in cross-
examination, and left it for the jury to say whether she was
able to fix the days of the week or the month from memory,
or was led to give them by the cross-examination.    The State
elected to stand upon the last occasion testified to, but was
not required to name the day.    It appears from the charge
that the respondent gave evidence tending to establish an alibi
covering the occasions testified to, and the court was requested .

to charge that if the respondent had established his absence during Thursday and Friday, August 27 and 28, he was entitled to an acquittal. The court declined to give this effect to the prosecutrix's answers fixing the day, but left it for the jury to determine whether the State had shown beyond a reasonable doubt that the respondent was where he had the opportunity to commit the offence on the last occasion testified to; saying further that it was not necessary for them to find the date. The respondent was not entitled to have the question restricted as claimed. The alibi was not a special issue to be separately disposed of upon a consideration of the evidence bearing solely upon the dates. The question for the jury was whether upon a consideration of the whole evidence they were satisfied of the respondent's guilt beyond a reasonable doubt.

*Judgment that there is no error in the proceedings, and that the respondent take nothing by his exceptions.*

There is also a petition for a new trial. Upon respondent's motion, the evidence of a witness for the State whom he was deprived of the opportunity to cross-examine, is excluded from consideration. The petition is based upon a retraction of the complaining witness, the only witness to the occurrences in question; who now testifies that the story she told on the trial was a fabrication, which she was instructed to tell by her grandmother, and told through fear of punishment. This is contradicted by the testimony of the grandmother. The circumstances in which the retraction was originally made are fully presented in the evidence taken, but it is not necessary to recite them. Upon a careful review of the whole case, a majority of the Court are satisfied that the respondent was justly convicted.

*Petition dismissed.*