(No. 5256.  February 4, 1929.)

STATE, Respondent, v. HARRY  KNUTSON, Appellant.

[274 Pac. 108.]

282

McNamee & McCarty, for Appellant.

Frank L. Stephan, Attorney General, and Leon M. Fisk, Assistant Attorney General, for Respondent.

HARTSON, District Judge.—Appellant was charged with the crime of furnishing intoxicating liquor to a minor, and prosecutes this appeal from the judgment of conviction.

Error is assigned in denying appellant's motion in arrest of judgment, because of alleged duplicity in the information. Appellant did not demur. Such defect, if present, cannot be considered on a motion in arrest of judgment, in the absence of a previous demurrer on that ground. (C. S., secs. 8870, 8878, 9019; *People v. Nash,* 1 Ida. 206; *People v. Stapleton,* 2 Ida. 47, 3 Pac. 6; *People v. Shotwell,* 27 Cal. 394.)

Error is specified upon denial of appellant's motions to require the state to elect upon which offense it would rely for conviction. Immediately after reading the information, and before the state's opening statement, appellant requested the court to require the state to elect upon which charge in the information it would rely. The court agreed to consider the matter further, but announced it would not require an election in any event until the conclusion of the

evidence. Immediately following the state's opening statement, appellant again moved to require an election, because four or five different offenses had been mentioned. The court reserved a ruling until the conclusion of the state's testimony, and requested that appellant renew his motion at that time. This appellant did, but the motion was again denied.

The information charges in one count the furnishing on a certain day of liquor to one girl fourteen years old, and to another girl sixteen years old, without stating whether or not both were at one time and place and part of one transaction. Such an allegation imports a furnishing at the same time to the two minors named, and is not duplicitous. (*Ray v. State*, 6 Boyce (Del.), 440, 100 Atl. 472; *Shuford v. State*, 4 Okl. Cr. 513, 113 Pac. 211; *Wheatcraft v. State*, 32 Okl. Cr. 379, 240 Pac. 753; *State v. McCormick*, 56 Wash. 469, 105 Pac. 1037. See *State v. Sorensen*, 37 Ida. 517, 216 Pac. 727.)

The evidence, however, tended to prove furnishings to one girl on three different occasions in as many separate places on the day alleged, and to the other girl at one of these times and places. When this was disclosed, the defendant was entitled to demand that the court require the state to elect upon which offense it would stand. (*Hatcher & Shaw v. Commonwealth*, 106 Va. 827, 55 S. E. 677; *Kittrell v. State*, 89 Miss. 666, 42 So. 609; *Stick v. State*, 23 Ohio Cir. Ct. Rep. 392; *State v. Collins*, 8 Kan. App. 398, 57 Pac. 38; *State v. Rudy*, 9 Kan. App. 69, 57 Pac. 263; *State v. Barr*, 78 Vt. 97, 62 Atl. 43; *Walker v. State* (Tex. Cr. App.), 72 S. W. 401; *Durein v. Kansas*, 208 U. S. 613, 28 Sup. Ct. 567, 52 L. ed. 645, affirming 70 Kan. 1, 13, 78 Pac. 152, 80 Pac. 987, 15 L. R. A., N. S., 908; 2 Woollen and Thornton on the Law of Intoxicating Liquors, p. 1652. See, also, *State v. Lancaster*, 10 Ida. 410, 78 Pac. 1081.) In *State v. Sorensen, supra*, the information charged larceny of two animals on or about a certain day. The court said:

"By its terms, it charges a single offense; that is, the larceny of a cow and calf, which, irrespective of value, con-

stitutes grand larceny in this state. All the testimony offered at the trial shows that the taking of this cow and calf, if they were stolen, were two separate and distinct offenses, which occurred at different times, and under such different circumstances that had the information disclosed the particular facts surrounding the alleged taking of each animal, the information would have been subject to demurrer under the third subdivision of C. S., sec. 8870. But this defect not appearing upon its face, when that fact appeared from the state's evidence, a motion to require it to elect upon which larceny it relied for a conviction should have been sustained if the same had been interposed . . . . ''

The information was not duplicitous on its face, and the question whether, by failure to demur, the right to require an election is waived is not here. *People v. Nash* and *People v. Stapleton, supra*, followed by the trial court in denying appellant's motions, are therefore not in point. It follows that there was error in failure to require an election by the state as to which offense it would rely upon for conviction.

Neither is the question as to the proper time for an election directly before us, but since there must be a retrial we think it proper to point out that, since the prosecuting attorney is now fully informed as to the nature of his proof, common fairness to appellant would require him to announce, at the beginning of the trial, his election of the particular act upon which he would go to the jury.

█ Appellant assigns as error certain remarks of the judge during the trial. Frequent expressions appear in decisions of this court calling attention to the danger of comments from the judge, or any remarks, from which jurors might assume or believe that the court has some feeling as to guilt or innocence of the accused. In view, however, of the necessity for a new trial, it is unnecessary to discuss the possible errors in these remarks.

██ Appellant also complains of the action of the trial court in admitting evidence of flight over objections, and thereafter, during the defendant's case, of its own motion striking it out. It is particularly urged that the court

failed to fully instruct the jury to disregard this evidence. The court not only clearly, explicitly, and definitely admonished the jury in this respect, but offered to give a further instruction at the conclusion of the case if desired by the accused. While instances may arise where evidence is so material and highly prejudicial that no instruction which the court may give will cure the error of its admission, this is not such a case. The evidence had been only tentatively admitted, with the declaration by the court that unless flight was proven the evidence would be stricken. The rule is quite general that error in the admission of incompetent evidence may ordinarily be cured by instructions to disregard the evidence improperly admitted. The manner in which this evidence was received, and the very complete instructions to disregard it, in our view leave no ground for complaint by appellant.

The action of the trial court in issuing a special venire for jurymen and allowing the same to be served by a deputy sheriff, in the face of an objection that the sheriff was disqualified because he was a witness, does not call for review, because the question is not likely to arise on another trial.

The rulings of the trial court, brought here by assignments ten and nineteen, were in error; the objections should have been overruled, and the evidence admitted.

We have carefully examined and considered the remaining assignments, and find no merit therein.

The judgment is reversed and the cause remanded for a new trial.

Budge, C. J., and Givens and Taylor, JJ., concur.