STATE *v.* CARL BLAIR.

November Term, 1937.

Present: POWERS, C. J., SLACK, MOULTON, SHERBURNE and BUTTLES, JJ.

Opinion filed January 4, 1938.

*P. C. Warner* for the respondent.

*William K. Sullivan,* State's attorney, for the State.

SHERBURNE, J.    The respondent has been convicted of furnishing intoxicating liquor to one William McCarty, and comes here upon exceptions.    The respondent ran a restaurant in Richford, and the evidence tended to show that in November, 1936, he served gin to McCarty in the kitchen in back of the restaurant upon one occasion, and in the dining room of the restaurant about three times.    In reply to a question if the respondent served him intoxicating liquor about the first of November, McCarty answered: "Yeah, I think the first of November." It did not appear in what part of November the other acts of furnishing took place.

At the close of the evidence the respondent asked the State to elect as to which date in November the count in the complaint was to apply.    Thereupon, in reply to a question by the court, the State's attorney answered: "We rely upon the furnishing about the first of November."    To this respondent's counsel replied: "Well, then we object and ask that the State elect as to the furnishing to McCarty which one of the three times we rely upon," and the court said: "Respondent's motion denied and exception allowed."

There can be no question but that the respondent was entitled to have the State elect as to which offense it relied upon. *State* v. *Coomer,* 105 Vt. 175, 178, 163 Atl. 585, 94 A. L. R. 1038. Instead of denying the last request it would have been better for the court to have stated that the State had already made an election, as we think that a sufficient election was made by the reply of the State's attorney to the court's question.    No error appears.

It should be noted that the date was the only matter discussed.    Had the State been asked to elect as to the place where the offense was committed, whether in the kitchen or in the dining room, another question might be presented.

*Exceptions overruled.    Let execution be done.*