## State of Vermont v. James A. Bonilla

[477 A.2d 983]

No. 82-314

Present: Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed May 18, 1984

*James P. Mongeon,* Rutland County State's Attorney, Rutland, for Plaintiff-Appellee.

*Nancy E. Kaufman,* Montpelier, for Defendant-Appellant.

**Gibson, J.** After a trial by jury, defendant was convicted of second degree arson, 13 V.S.A. § 503, and of burning to defraud an insurer, 13 V.S.A. § 506. In his appeal from the judgment of the District Court of Vermont, Unit No. 1, Rutland Circuit, two issues are presented: (1) whether the two-count information charging defendant with violations of §§ 503 and 506 was duplicitous in that each count joined three distinct acts; and (2) whether the prosecution's failure to elect the act upon which it intended to rely for conviction deprived defendant of his right to a fair trial. We find the failure of the State to elect the unlawful act upon which it intended to rely is error. We reverse and remand.

Defendant operated Benjy's Corner, a bar and sandwich shop in Rutland that suffered three fires within a three-day period in March of 1981. The first, on March 18, occurred on the second floor of the commercial building that contained defendant's establishment. A second fire took place on March 19 in an outside filler pipe attached to the building and leading to the oil tank. Finally, on March 20 a more serious fire occurred in the upper stories of the building, causing the bar to be closed for eighteen days. Claims submitted by the defendant to his insurance company totaled approximately $9,600 and were paid by the company.

Defendant was charged with wilfully and maliciously procuring the burning of a building, 13 V.S.A. § 503, and with wilfully and maliciously procuring the burning of a building with intent to defraud an insurer, 13 V.S.A. § 506. The State

produced two principal witnesses who testified as to the events surrounding the fires. The first witness was, at the time, serving a sentence for fourth degree arson. He had pled guilty to the actual burning of the building, was incarcerated for that conviction at the time of trial and had agreed to testify against defendant. The second witness, also claimed to be an accomplice, was granted immunity from prosecution by the State in exchange for his testimony.

Defendant was charged with one count of arson and one count of insurance fraud. Originally the information specified both counts as occurring "on or about the 20th day of March, 1981" but was later amended to read "between March 1, 1981 and March 20, 1981."

Defendant contends that the State's failure to elect the offense upon which it intended to rely for conviction deprived him of a fair trial. He argues that evidence of all three fires was presented to the jury and that he was entitled to know which act was relied upon for conviction. He argues the court's charge which simply advised the jury to determine whether the offenses occurred "at the time and place alleged" exacerbated the error.

This Court has held, on numerous occasions, where there is evidence of many acts, any one of which would constitute the offense charged, an election must be made. *State* v. *Blair*, 109 Vt. 306, 307, 196 A. 242, 243 (1938) ; *State* v. *Coomer*, 105 Vt. 175, 178, 163 A. 585, 587 (1933) ; *State* v. *Field*, 95 Vt. 375, 379, 115 A. 296, 297–98 (1921) ; *State* v. *Barr*, 78 Vt. 97, 100, 62 A. 43, 44 (1905).

In *State* v. *Barr, supra,* the State charged defendant with six counts of selling and furnishing intoxicating liquor without a license, introduced evidence showing those six offenses and then introduced evidence of other sales as well. Each sale was a separate offense and "it was error for the court to refuse at the close of the testimony to require the State to elect the occasions on which it would rely for conviction under the counts for selling, and to allow the case to go to the jury on all the evidence of sales . . . ." *Id.* at 100, 62 A. at 44.

In a recent opinion of this Court we stated "[a]s a general rule, where the information alleges one unlawful act and the evidence reflects two or more such acts, the State can

obtain only one conviction and should be required to elect which act it will rely upon for conviction." *State* v. *Bailey*, 144 Vt. 86, 98, 475 A.2d 1045, 1052 (1984) (citing *State* v. *Willett*, 78 Vt. 157, 159, 62 A. 48, 49 (1905)). Where multiple acts are involved, each of which could have constituted a separate offense,

> there is no assurance that the jurors, when weighing the evidence, would agree whether the defendant had performed a specific act. The danger is that some jurors will convict upon evidence of one act and the balance upon evidence submitted for other acts. There will be no unanimous verdict as to defendant's guilt in regard to the single offense charged. An analogous danger . . . is that jurors will be swayed by the quantum of proof introduced as to all the acts when, in fact, there has been insufficient proof on any one of the alleged acts standing alone.

*Id.*

The State should be required to select the particular act upon which it relies "to make good the allegation of the information," *People* v. *Alva*, 90 Cal. App. 3d 418, 424, 153 Cal. Rptr. 644, 647 (1979); this is a view espoused by many jurisdictions. See, e.g., *People* v. *Estorga*, 200 Colo. 78, 81, 612 P.2d 520, 523 (1980); *Adjmi* v. *State*, 154 So. 2d 812, 817 (Fla. 1963); *Cody* v. *State*, 361 P.2d 307, 319–20 (Okla. Crim. App. 1961); *Burlison* v. *State*, 501 S.W.2d 801, 803–04 (Tenn. 1973).

The State argues, in its brief, that the separate acts committed here were so related as to constitute but one entire transaction or offense, that there was but a single course of criminal conduct. In its oral argument to the Court, the State urges the Court to look to whether the acts, taken together, evince a singleness of purpose. Citing *State* v. *Bailey, supra,* it is argued that the criminal acts here were a "continuous transaction" and fall within an exception to the general rule.

We cannot say that the three acts here were so closely related in time or circumstance as to constitute but one criminal transaction. See *Adjmi* v. *State, supra,* 150 So. 2d at 816–17 ("single impulse theory" rejected because even though several

transactions resulted from the same general scheme and purpose, "each was not the same act as the other").

In this case, separate evidence was presented of the events surrounding each alleged procurement of arson. The evidence indicated that each incident was preceded by a new request. The means of accomplishing the act of arson differed in each instance and each act was committed on a different day. We find these events constituted three distinct acts sufficient to require an election.

We also note that evidence concerning the "filler pipe fire" on March 19th may not have been sufficient to make out a prima facie case of arson in that apparently no actual burning occurred. There is no way of knowing whether some of the jurors may have relied upon evidence of this act to convict defendant. The possibility, however, presents additional reason for requiring an election. See *State* v. *McDermott,* 135 Vt. 47, 51–52, 373 A.2d 510, 514 (1977) (when multiple offenses exist, court must require special verdicts to show which offenses are proved or must instruct jury to find that all offenses have been proved); *Woodmansee* v. *Stoneman,* 133 Vt. 449, 454, 344 A.2d 26, 29 (1975) (general verdict must be set aside when evidence of two acts is submitted to the jury but there is insufficient evidence to support both allegations).

The State maintains that the failure of defendant to move for an election or to object to the instructions given to the jury constitutes a waiver of his right to raise this issue on appeal. Although there is no unanimity as to whether the failure to demand an election constitutes a waiver, cf. *People* v. *Damen,* 28 Ill. 2d 464, 469, 193 N.E.2d 25, 28 (1963), with *Burlison* v. *State, supra,* 501 S.W.2d at 804, the Supreme Court of Tennessee has noted that "[t]he necessity of requiring the State to make an election of the particular offense it will rely on for conviction . . . is . . . fundamental, immediately touching the constitutional rights of an accused, and should not depend upon [a] demand therefor." *Burlison* v. *State, supra,* 501 S.W.2d at 804. See also *Dugan* v. *State,* 360 P.2d 833, 835 (Okla. Crim. App. 1961) (failure of court to require an election or give appropriate instructions constitutes "fundamental and reversible error").

Some jurisdictions hold, in the absence of a demand for election by a defendant, that it is incumbent upon the trial court to require the State, at the close of its evidence, to make an election. *Bowen* v. *Commonwealth,* 288 Ky. 515, 517, 156 S.W.2d 870, 872 (1941) ; *Landon* v. *State,* 83 Okla. Crim. 141, 149, 174 P.2d 266, 270 (1946) ; *Burlison* v. *State, supra,* 501 S.W.2d at 804. When no demand has been made, other courts have held that the court must instruct the jury "either that the offense as to which evidence is first introduced is deemed to constitute the offense charged . . . or that they must all agree that the defendant committed the same act in order to find him guilty." *People* v. *Alva, supra,* 90 Cal. App. 3d at 425–26, 153 Cal. Rptr. at 648 (citations omitted) ; see also *Montgomery* v. *Commonwealth,* 262 S.W.2d 475, 478 (Ky. 1953) (when Commonwealth fails to elect, court will make election in its instructions to the jury) ; *Louis* v. *State,* 92 Okla. Crim. 156, 159–60, 222 P.2d 160, 162–63 (1950) (court, on its own motion, should require an election or give appropriate instructions) ; *Boldt* v. *State,* 72 Wis. 7, 16–17, 38 N.W. 177, 179–80 (1888) (failure of court to instruct jurors that they must all agree that defendant was guilty of the identical offense was reversible error).

We hold that the failure of the trial court to require the State to elect the act upon which it would rely or, in the alternative, to give appropriate jury instructions is plain error, V.R.Cr.P. 52(b), and warrants reversal.

*Reversed and remanded.*