## State of Vermont v. David R. Holcomb, Jr.

[590 A.2d 894]

No. 90-275

Present: Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.

Opinion Filed March 29, 1991

*William Sorrell*, Chittenden County State's Attorney, Burlington, and *Pamela Hall Johnson*, Department of State's Attorneys, Montpelier, for Plaintiff-Appellee.

*Kenneth A. Schatz*, Acting Defender General, and *William A. Nelson*, Appellate Attorney, Montpelier, for Defendant-Appellant.

**Dooley, J.** Defendant appeals his conviction after a jury trial of lewd and lascivious conduct with a fourteen-year-old boy. He argues that the trial court committed plain error (1) in not requiring the State to elect between the two acts of lewd and lascivious conduct the evidence disclosed, and (2) in failing to charge the jury on the limited purpose for which evidence of a crime not charged was admitted. We affirm.

The information charged defendant with committing a lewd act on the body of the child "by fondling his genital area and attempting to remove his pants." The victim's testimony was that he was staying at defendant's house for the evening, and sometime after midnight he went to sleep on a couch while watching television. Thereafter, he felt defendant's hands tou-

ching his genitals and trying to unbuckle his pants. He confronted defendant who told him to go back to sleep, which he did. He again awoke at some later point when defendant had a hand over his mouth and was grabbing him by the testicles. A struggle ensued, and the victim ran to a nearby apartment crying that he had been raped. This occurred between 2:30 and 3:00 A.M.

Although defendant argues here that the State was required to elect between the two lewd acts, he did not raise this issue to the trial judge. Defendant argues that there is no preservation requirement in cases where the State's evidence shows more than one criminal act, at least two of the acts are covered by the information, and the State fails to elect between the acts. Put another way, defendant argues that the failure to elect, even in the absence of a request by defendant, is always plain error because we cannot say with certainty that the jury convicted unanimously on the same act. Defendant's argument finds some support in *State v. Bonilla*, 144 Vt. 411, 477 A.2d 983 (1984), and *State v. Corliss*, 149 Vt. 100, 539 A.2d 557 (1987).

*Bonilla* was an arson case in which the evidence disclosed three separate acts of arson on the same building, each occurring on a separate day. The Court relied upon a long line of cases requiring the State to elect in such circumstances, but each of these cases involved instances where the defendant sought an election. See *State v. Blair*, 109 Vt. 306, 307, 196 A. 242, 243 (1938); *State v. Coomer*, 105 Vt. 175, 178, 163 A. 585, 587 (1933); *State v. Field*, 95 Vt. 375, 379, 115 A. 296, 297-98 (1921); *State v. Barr*, 78 Vt. 97, 100, 62 A. 43, 44 (1905); see also *State v. Bailey*, 144 Vt. 86, 98, 475 A.2d 1045, 1052 (1984) (election requirement discussed but found inapplicable because the specific acts were so related as to form one transaction). In *Bonilla*, the defendant failed to seek an election, and the State argued that this failure constituted a waiver of the issue. Relying on cases from other states, we held that the failure of the trial court to require an election or "to give appropriate jury instructions" was plain error. *Bonilla*, 144 Vt. at 416, 477 A.2d at 986.

*Corliss* is similar to *Bonilla* except that there is no indication whether the State raised preservation. In fact, the opinion does not indicate whether the defendant sought an election in the

trial court. Instead, the opinion focuses on whether the two acts of burglary, separated by hours, were so closely related in time and circumstances as to be one felonious act. We held that they were not and reversed for failure of the State to elect between them. *Corliss*, 149 Vt. at 103, 539 A.2d at 559.

Defendant overreads *Bonilla* and *Corliss* into a plain-error per se rule. We specifically held in *State v. Roy*, 151 Vt. 17, 23, 557 A.2d 884, 888 (1989), that we do not find "that some errors are plain per se." We went on to note that:

> We believe it would be bad policy to create a category of errors which are plain per se. As the Supreme Court of Rhode Island noted recently in response to a similar argument, such a rule would apply its analogue to V.R.Cr.P. 52(b) "in such a way as to destroy Rule 30." Further, such a rule would reduce any incentive for trial counsel to object to errors that involve omissions of essential elements of the crime.

*Id.* (citations omitted). V.R.Cr.P. 30 contains the requirement that the parties must object to the charge to the jury in order to claim error in the charge on appeal. It is equally applicable here.

We also note that in general the failure to object in a case of duplicity of charges is a waiver of the issue. See 2 W. LaFave & J. Israel, Criminal Procedure § 19.2(e), at 457 (1984). The suggestion of a contrary rule in *Bonilla* was made based on cases from a minority of states, primarily Tennessee, Kentucky and Oklahoma. See *Bowen v. Commonwealth*, 288 Ky. 515, 518, 156 S.W.2d 870, 871 (1941); *Dugan v. State*, 360 P.2d 833, 834–35 (Okla. Crim. App. 1961); *Burlison v. State*, 501 S.W.2d 801, 804 (Tenn. 1973). Later cases from these states, however, undercut the argument that they adopted a plain-error per se rule. See *Thacker v. Commonwealth*, 453 S.W.2d 566, 569 (Ky. 1970) ("It seems to have been *assumed* in most of our cases that failure of the trial court to require or to make the election is automatically prejudicial so as to require a reversal. . . . But we are not convinced that such an error necessarily is prejudicial in all cases . . . .") (emphasis in original); *State v. Anderson*, 748 S.W.2d 201, 203 (Tenn. Crim. App. 1985) (failure of State to elect is not reversible error in absence of defense objection where there is no showing defendant was hampered in the pres-

entation of his defense and evidence was sufficient to support a finding of guilt beyond a reasonable doubt on all offenses shown in the proof).

■ ■ For the above reasons, we reject defendant's argument that the failure of the trial court to force an election or charge the jury that it is limited to a particular act is plain error per se in the absence of a defense objection. As in *Roy*, we adopt the familiar standard of review for plain error. This means we will reverse for an unpreserved election error only in rare and extraordinary cases where we find that the omission in the charge and in the State's actions so affects the substantial rights of the defendant that we will notice the error despite lack of proper objection. *Roy*, 151 Vt. at 23, 557 A.2d at 888. In using this standard we must keep in mind the importance of jury unanimity on the charges on which they convict and the fact that we found plain error on the circumstances present in *Bonilla*.

We do not find plain error here. There was no reason for jurors to distinguish between the two alleged acts. Defendant's defense did not distinguish between the two acts, and he was not hampered in preparing a defense.

■ Moreover, the facts show this case fits within an exception to the election requirement where the acts were so closely related in time and circumstances as to constitute one continuous offense or transaction. See *State v. Bailey*, 144 Vt. at 98, 475 A.2d at 1052. In *Bailey*, the acts of sexual assault on a minor took place over a one-and-one-half-hour period and we held "[t]he many acts of sexual conduct here were so related as to constitute but one event." *Id.* at 99, 475 A.2d at 1053. The facts of this case are similar to those in *Bailey*. The acts were closely related, occurring in the same place within a relatively brief period and involving substantially identical contact between defendant and the victim. They constituted one continuous offense.

The second issue relates to the testimony of a State witness that defendant offered him fifty dollars to beat up the victim. This happened after the alleged lewd acts and when defendant knew the police were looking for him in response to the victim's complaint. The court allowed in the evidence pursuant to V.R.E. 404(b) after the prosecution gave the notice required by

V.R.Cr.P. 26(c). Defendant's complaint here is that the trial court gave no limiting instruction on the proper use of the evidence. Again, defendant failed to raise the issue with the trial court.

As with the first issue, we must first address the standard of review. On this point, defendant also relies on *State v. Corliss*. In that case, the State put in evidence of another burglary to show plan and motive, and the trial court failed to give a limiting instruction to tell the jury the limited purpose for which the evidence was admitted. This Court held that such an instruction was required by the clear language of V.R.Cr.P. 26(c). *Corliss*, 149 Vt. at 104, 539 A.2d at 560.

■ We do not read *Corliss* as dispensing with preservation requirements in this area. Since *Corliss*, we have reiterated that a defendant must request a limiting instruction or object to the jury charge given in order to preserve the issue. See *State v. Recor*, 150 Vt. 40, 49, 549 A.2d 1382, 1389 (1988). We see no reason to have a different rule for evidence admitted under V.R.E. 404(b). Thus, the failure to give a limiting instruction under V.R.Cr.P. 26(c), in the absence of a request or objection, will be grounds for reversal only on a finding of plain error.

■ There is no plain error here. The court gave a general instruction that defendant was not on trial for any act not alleged in the indictment. In *Corliss*, the uncharged bad act was another burglary so there was a risk that the jury would use the evidence to show a predisposition or character trait directly related to the charged crime. Here, the uncharged bad act was entirely different and created no similar risk. There is no reason to believe that the general charge limiting the jury to consideration of the act alleged in the information was insufficient.

*Affirmed.*