2007 VT 1

**STATE of Vermont v. Glenn PRIOR**

[917 A.2d 466]

No. 05-466

¶ 1. January 5, 2007. Defendant Glenn Prior appeals from his convictions, after a jury trial, of attempted felony violation of a relief from abuse order, felony violation of a relief from abuse order, and two violations of conditions of release. He argues that: (1) the district court committed plain error by failing to guarantee jury unanimity on the question of whether he followed or stalked the victim on the day in question; and (2) two of his convictions punish the same behavior and thereby violate his right to be free from double jeopardy for the same offense. We affirm.

¶ 2. The record indicates the following. Defendant's wife, Joanne Prior, obtained a relief from abuse order against defendant in January 2005. Shortly thereafter, she called police to report that defendant violated the order. Defendant was arrested, arraigned, and released on those charges in February 2005. The conditions of his release required, among other things, that he not leave Windham County without permission of the court, and that he not come within 100 feet of Ms. Prior, her residence, her vehicle, or her place of employment.

¶ 3. Less than two weeks later, defendant was again arrested for violating his conditions of release and the relief from abuse order. A two-day jury trial was held, and defendant was convicted as detailed above. At trial, Ms. Prior testified that on the morning of February 11, 2005, she was traveling to her children's school and she noticed defendant driving the opposite way on the same road. Very shortly thereafter, she saw that defendant had changed direction and was one car behind her. Ms. Prior dropped her children off at school and got back onto the main road, heading to her job in Keene, New Hampshire. She noticed defendant's car parked parallel to the road, facing in the direction in which she was traveling. After she passed defendant, she saw his car following her. He followed her for a short time and eventually passed her. Ms. Prior called the police and stopped immediately when she encountered a state trooper along the road. There was also evidence from which the jury could have concluded that, on another day in January 2005, defendant left a spare car key and a family Bible with a handwritten message in Ms. Prior's vehicle, and that he had called her pretending to be a bank employee alerting her that her account was overdrawn.

¶ 4. A police officer testified that defendant admitted violating his conditions of release by traveling into New Hampshire that day. Defendant maintained, however, that he was running errands, and provided a written statement to this effect. At trial, the State maintained that defendant's explanation for his behavior was incredible. The jury convicted defendant of several of the charged offenses, and he was ultimately sentenced on his convictions for an attempted violation of a relief from abuse order, one violation of the relief from abuse order, and two counts of violation of conditions of release, one for leaving Windham County and one for being within 100 feet of Ms. Prior's vehicle. This appeal followed.

¶ 5. Defendant first argues that the trial court committed plain error in instructing the jury on the charge that he violated an abuse prevention order by "following or stalking" Ms. Prior. He argues that nothing in the court's instruction required jury unanimity on the question of whether he followed the victim, stalked her, or both. He maintains that, given the assertedly convoluted instructions, the jury may have convicted him merely because they believed that he was a "bad actor" whom they needed to "get for something."

¶ 6. Defendant did not object to the jury instructions at trial, and we therefore review for plain error only. V.R.Cr.P. 30 ("No party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection."); V.R.Cr.P. 52(b) ("Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."). We find plain error only in exceptional circumstances where we must do so to prevent a miscarriage of justice or an error that "strikes at the very heart of the defendant's constitutional rights." *State v. Pelican*, 160 Vt. 536, 538-39, 632 A.2d 24, 26 (1993) (internal quotation marks and citation omitted). There are no categories of error which are plain per se. *State v. Roy*, 151 Vt. 17, 23, 557 A.2d 884, 888 (1989). In *Roy*, and later in *Holcomb*, we declined to create categories of per se plain error because to do so would apply V.R.Cr.P. 52(b) in a manner that would "destroy Rule 30." *Id.*; *State v. Holcomb*, 156 Vt. 251, 254, 590 A.2d 894, 895 (1991). We have also held that jury instructions that may have failed to ensure unanimity are not plain error per se. *In re Carter*, 2004 VT 21, ¶ 26, 176 Vt. 322, 848 A.2d 281.

¶ 7. Defendant was convicted of violating an abuse prevention order, the language of which the jury instruction quoted directly. The jury was instructed that it could find that defendant had violated the order if it found that he had "followed or stalked" Ms. Prior, which the order expressly prohibited. The jury instruction defined the terms "following" and "stalk" in much the same way as those terms are defined in 13 V.S.A. § 1061, the stalking statute. The statute, at the time of the offenses, defined "following" as "maintaining over a period of time a visual or physical proximity to another person in such manner as would cause a reasonable person to have a fear of unlawful sexual conduct, unlawful restraint, bodily injury, or death." 13 V.S.A. § 1061(3). The jury instruction replicated this definition almost exactly.[1] The term "stalk" was defined in the stalking statute as "to engage in a course of conduct which consists of following or lying in wait or harassing, and [which]: (A) serves no legitimate purpose; and (B) causes the person to fear for his or her physical safety or causes the person substantial emotional distress." 13 V.S.A. § 1061(1). The jury instruction again closely tracked this statutory language.

¶ 8. The jury instruction was not plain error. Defendant has made only a vague and speculative claim of prejudice, and defendant's consistent position throughout trial and in his briefing before this Court has been that his actions that day were "relatively innocuous," and that he neither followed nor stalked Ms. Prior. See *Holcomb*, 156 Vt. at 252, 255, 590 A.2d at 895, 896 (finding no plain error in jury instruction that did not require unanimity as to ground on which defendant

---

[1] The instruction differed only in that it added the requirement that the following be deliberate.

was being convicted of lewd and lascivious conduct; instruction did not distinguish between "fondling [the victim's] genital area and attempting to remove his pants"). Where, as here, evidence relating to alternative theories under which a jury could convict is intertwined throughout the trial and defendant's defense did not distinguish between the theories, we will not find plain error. *Id.*; *Carter*, 2004 VT 21, ¶ 24.

¶ 9. Defendant next challenges on double jeopardy grounds his convictions for: (1) violating the abuse prevention order by following or stalking Ms. Prior, and (2) contempt for violating his condition of release by coming within 100 feet of Ms. Prior or her vehicle. See 13 V.S.A. § 1030 (violation of abuse prevention order (VAPO)); *id.* § 7559(e) (violation of conditions of release (VCR)). He maintains that the VCR did not require proof of any fact that the VAPO did not. We disagree.

¶ 10. The Double Jeopardy Clause of the United States Constitution guarantees that no person may "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. This provision is applicable to the states under the terms of the Fourteenth Amendment. U.S. Const. amend. XIV, § 1; *Benton v. Maryland*, 395 U.S. 784, 794 (1969). Because contempt is "a crime in every fundamental respect," *Bloom v. Illinois*, 391 U.S. 194, 201 (1968), contempt convictions are subject to the bar on double jeopardy. *United States v. Dixon*, 509 U.S. 688, 699-700 (1993). Therefore, under the familiar *Blockburger* test, defendant's two offenses must each "contain[] an element not contained in the other" in order to avoid the double jeopardy bar. *Id.* at 696 (citing *Blockburger v. United States*, 284 U.S. 299, 304 (1932)). The *Blockburger* test focuses not on the evidence and proof offered at trial, but on the statutory elements of the offenses. *Grady v. Corbin*, 495 U.S. 508, 521 n.12 (1990), *overruled on other grounds, Dixon*, 509 U.S. at 704. Concurrent sentencing, as was imposed on defendant, does not cure a double jeopardy violation because the potential collateral consequences of multiple convictions inure even when the sentences are served concurrently. *Ball v. United States*, 470 U.S. 856, 864-65 (1985); *State v. Grega*, 168 Vt. 363, 389, 721 A.2d 445, 462-63 (1998).

¶ 11. Defendant argues that the VCR did not require proof of any fact that the VAPO did not. The State responds, first, that the VAPO and VCR convictions were not for the "same conduct" and so are immune from the double jeopardy bar in the first instance. Alternatively, the State argues that the Legislature intended to allow multiple punishment for VAPO and VCR convictions arising from the same conduct. We agree with the State on both grounds.

¶ 12. The jury instruction on the VAPO charge required that the jury find that: (1) defendant followed or stalked Ms. Prior, (2) the following or stalking violated an abuse prevention order (APO), (3) defendant had received a copy of the APO, and (4) defendant acted knowingly. As to the VCR charge, the jury instructions named the following essential elements: (1) defendant knowingly placed himself within 100 feet of the vehicle of Ms. Prior, a person named in the conditions of release, (2) that act violated the conditions of release, (3) defendant had received a copy of the conditions of release prior to the offense, and (4) defendant acted knowingly. As noted above, the instructions mirrored the corresponding statutes, 13 V.S.A. §§ 1030 and 7559(e), in all essential respects.

¶ 13. The instructions — and the underlying statutes — describe two different offenses with distinctly different, if superficially similar, elements. See *State*

*v. Ritter*, 167 Vt. 632, 633, 714 A.2d 624, 625 (1998) (mem.) (where "each offense requires proof of a fact that the other does not" we presume the Legislature has "authorized cumulative punishment"). That the two offenses may, as they did here, arise from a single course of action does not render them per se void under *Blockburger*. See *State v. Karov*, 170 Vt. 650, 652, 756 A.2d 1236, 1238 (2000) (mem.) (aggravated domestic assault and aggravated assault convictions not barred by double jeopardy although both were based on closely related events occurring in the course of one transaction).

¶ 14. Here, the jury concluded that defendant knowingly came within 100 feet of Ms. Prior's vehicle in violation of conditions of release known to him. This conclusion might have been based on the evidence of one of two separate incidents: defendant's placing the Bible in Ms. Prior's car on January 27, 2005, or his following her in his own vehicle on the morning of February 11, 2005. We need not belabor the point, however; under *Grady*, our focus is not on the specific evidence adduced at trial or on the fact that the jury might have based the two convictions on two different events. 495 U.S. at 521 n.12. Rather, after *Grady*, *Blockburger*, and later *Dixon*, we consider whether the elements of the two offenses are different. *Id.*

¶ 15. It is plain from the instructions that the jury was required to find additional, distinct elements before it could find that defendant also violated the abuse prevention order by following or stalking Ms. Prior. First, the jury had to conclude that defendant was subject to an abuse prevention order that prohibited following or stalking, and that he

knew of that specific order.[2] Further, the jury had to find that defendant engaged in behavior beyond merely coming within a prescribed distance of Ms. Prior and that his conduct rose to the level of following or stalking as those terms were defined in the charge.

¶ 16. Like the defendant in *Karov*, defendant was not punished twice for the same offense, as is prohibited by the Double Jeopardy Clause. 170 Vt. at 652, 756 A.2d at 1236. Rather, he violated two separate orders and committed two distinct crimes, each of which has distinct elements about which the jury was properly instructed. The fact that both were committed during one course of conduct does not compel the conclusion that two convictions or punishments are barred on double jeopardy grounds.

¶ 17. Our conclusion that the Legislature intended to define two distinct crimes in the VAPO and VCR statutes is given further strong support by the language of the VAPO statute, 13 V.S.A. § 1030, at the time of defendant's offenses.[3] The statute provided, first, that it is not to be construed to limit the courts' contempt powers. *Id.* § 1030(d). The statute also provided that "[p]rosecution for violation of an abuse preven-

___

[2] Even if the VAPO and VCR instructions had substantially identical elements, defendant would not prevail on his double jeopardy claim, because each conviction would necessarily also rest on defendant's knowledge of the underlying abuse prevention order and conditions of release, and because the Legislature clearly authorized multiple punishments in the VAPO statute.

[3] The statute has since been amended, but the amendment leaves intact the former subsections (d) and (e), now denominated subsections (e) and (f). 2005, No. 193 (Adj. Sess.), § 2.

tion order shall not bar prosecution for any other crime, including any crime that may have been committed at the time of the violation of the abuse prevention order." *Id.* § 1030(e). "The Legislature is free to impose multiple punishments, but its intent to do so must be clear." *Grega,* 168 Vt. at 382, 721 A.2d at 458. Here, the Legislature's clear intent, evidenced by the language of the VAPO statute and by the fact that the VAPO and VCR convictions required proof of different elements, was to allow multiple punishments. We find no double jeopardy violation.

*Affirmed.*