*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2012-188

NOVEMBER TERM, 2012

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Rutland Unit, |
| v. | } | Criminal Division |
| | } | |
| | } | |
| Joseph Bruyette | } | DOCKET NO. 536-4-87 Rdcr |

Trial Judge: Cortland T. Corsones

In the above-entitled cause, the Clerk will enter:

Defendant appeals the court's order denying his motion for sentence reconsideration. On appeal, he argues the court erred in concluding that his double jeopardy claim could not be brought in the context of a motion for sentence reconsideration and that, in any event, the claim lacked merit. We affirm.

Defendant was convicted in November 1989 of one count of burglary and three counts of sexual assault. Defendant received an aggregate sentence of forty-five to eight-five years, which was within the maximum for his convictions. Defendant appealed, and this Court affirmed defendant's convictions. State v. Bruyette, 158 Vt. 21 (1992).

In April 2012, defendant moved to correct his sentence pursuant to Vermont Rule of Criminal Procedure 35(a), arguing that the sentences for burglary and sexual assault were illegal because they amounted to double jeopardy. The court denied defendant's request for relief. The court explained that while sentence reconsideration could be used to correct an illegal sentence, defendant's motion was challenging the underlying convictions and not the sentence. Thus, the court concluded that a Rule 35 motion was not the proper mechanism for that type of challenge. The court additionally held that in any event there was no merit to defendant's argument concerning double jeopardy because the burglary and sexual assault charges contained distinct elements. Defendant appeals.

Under Rule 35, "[t]he court may correct an illegal sentence at any time." V.R.Cr.P. 35(a). Where defendant moves for sentence reconsideration based on an alleged illegality in the sentence, the issue is a question of law that we review de novo. State v. Oscarson, 2006 VT 30, ¶ 7, 179 Vt. 442.

Defendant first argues that the court erred in concluding that his double jeopardy claim could not be brought in the context of a motion for sentence reconsideration under Rule 35. We need not reach this issue because we conclude that even if the claim was properly brought, there

is no merit to defendant's double-jeopardy argument.[*]  Double jeopardy precludes the State from punishing a defendant twice for the same conduct.  State v. Prior, 2007 VT 1, ¶ 10, 181 Vt. 564 (mem.).  To avoid a double jeopardy violation, a defendant's offenses must each contain an element not contained in the other.  Id.

Defendant argues that his convictions for sexual assault and burglary improperly criminalized the same conduct because the sexual assault was an essential element of the burglary charge.  The simplicity of his argument is misleading.  The description of a burglary states: "a person is guilty of burglary if he . . . enters any building or structure knowing that he . . . is not licensed or privileged to do so, with the intent to commit a felony. . . ."  13 V.S.A. § 1201.  In defendant's case, the three felony counts of sexual assault supplied the intended felony required by the definition.  While the burglary charge needed a felonious intent to convict, but no felony sexual assault in fact, the charge also  required the State to demonstrate that defendant entered an occupied dwelling without license to do so.  To prove sexual assault, the State was required to demonstrate that defendant intentionally engaged in  an actual sexual act with the victim and compelled the victim to participate by placing her in fear of bodily injury.  13 V.S.A. § 3252(a)(3).  Therefore, the offenses each contain unique elements, and there was no double jeopardy bar to convicting defendant of both offenses.

Affirmed.

BY THE COURT:


_____
John A. Dooley, Associate Justice


_____
Marilyn S. Skoglund, Associate Justice


_____
Brian L. Burgess, Associate Justice

---

[*]  Defendant argues that if relief under Rule 35 is unavailable we should treat his filing as a post-conviction relief petition.  This argument is moot in view of our disposition on the merits of his double jeopardy claim.

2