*Barney v. State*, 361-9-15 Bncv (Barra, J., Apr. 18, 2019)
[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT<br>Bennington Unit | CIVIL DIVISION<br>Docket No. 361-9-15 Bncv |

| | |
|---|---|
| Nelson A. Barney,<br>    Petitioner<br><br>v.<br><br>State of Vermont,<br>    Respondent | DECISION ON MOTIONS |

This post-conviction relief (PCR) proceeding is before the court on Petitioner's Motion for Partial Summary Judgment and the State's Cross-motion for Partial Summary Judgment. Petitioner challenges the sufficiency of a 2015 plea colloquy under V.R.Cr.P. 11(f) and seeks an order vacating his pleas, convictions, and sentences. For the reasons set forth below, Petitioner's motion is DENIED and the State's cross-motion is GRANTED.

### STATEMENT OF FACTS

The facts are uncontested. In 2013, Petitioner was charged with aggravated domestic assault, extortion, obstruction of justice, and 23 counts of violating conditions of release (VCR). On January 6, 2015, Petitioner pled guilty to 14 counts of VCR. The court postponed sentencing on those 14 counts until the remaining charges were resolved. On January 13, 2015, Petitioner pled guilty to aggravated domestic assault, extortion, and one additional count of VCR. The remaining charges were dismissed. On April 23, 2015, the court sentenced Petitioner to eight to ten years on the aggravated domestic assault charge, one to two years on the extortion charge, and five to six months concurrent on each VCR charge. Petitioner is currently incarcerated serving those sentences.

The subject of the present motions is the January 6, 2015 change-of-plea hearing, during which the following exchange took place:

> THE COURT: "You are offering to plead to several counts of violating release conditions. I'm not going to read every count individually, but each of them alleges that between September 1st, 2012 and May 31st of 2013, you violated release conditions properly imposed under law and that you violated condition number 14 which was not to have contact with Melanie Davis. And it's alleged that you violated that on different occasions by sending fourteen different letters to her. And each of those would carry a penalty of up to six months in jail or a 1,000-dollar fine. The contents of the letter is not important; it's just that you sent the letter with the intent that it would be contacting her. Do you understand those charges based on those facts?"

> PETITIONER: "Yes, I do."

The court then described the rights Petitioner would be waiving by pleading guilty. It also delineated sentencing implications and collateral consequences, and then quizzed Petitioner regarding coercion, consumption of intoxicants, and promises made to him. The following exchange ensued:

> THE COURT: "Then to those fourteen counts, I believe, of sending those individual letters in attempt to contact Melanie Davis in violation of release conditions that were imposed on you prior to the dates you sent those letters, how do you plead?"
>
> PETITIONER: "I plead guilty."
>
> THE COURT: "And do you agree those facts did happen and you committed the offense in that manner?"
>
> PETITIONER: "Yes, I do."

The court then found, on the record, a "factual basis in [Petitioner's] admission to the essential facts and elements" and entered findings of guilt on the 14 counts.

Petitioner argues that this plea colloquy was insufficient under V.R.Cr.P. 11(f) because the court, by grouping multiple charges together, failed to elicit a factual basis as to the specifics of each charge. He accordingly asks that his January 6, 2015 pleas, convictions, and sentences be vacated. The State counters that no authority prohibited the court from grouping the charges as it did, and that the colloquy substantially complied with pre-*Bridger* Rule 11(f) standards.

## CONCLUSIONS OF LAW

The court's jurisdiction under Vermont's PCR statute is predicated on Petitioner being "in custody under sentence of a court." 13 V.S.A. § 7131; *In re Russo* 2013 VT 35 ¶ 11. A person is in custody under the statute "if [the person] suffers a significant restraint on personal liberty as a direct result of the challenged Vermont conviction." *Id.* ¶ 12 (quoting *In re Stewart*, 140 Vt. 351, 359–60 (1981)). This is satisfied, for example, when a petitioner is in custody pursuant to the conviction he attacks, or "if there is a positive, demonstrable relationship between the prior conviction and the petitioner's present incarceration." *Id.* ¶ 14 (quoting *Sinclair v. Blackburn*, 599 F.2d 673, 676 (5th Cir. 1979)).

Here, Petitioner has demonstrated that his incarceration is a direct result of the Vermont convictions he challenges. Although the motions for partial summary judgment only address the 14 VCR convictions, the underlying PCR Petition challenges all the 2015 convictions and Petitioner is currently serving the sentences imposed pursuant to those convictions: eight to ten years on the aggravated domestic assault charge, one to two years on the extortion charge, and five to six months concurrent on each VCR charge. Accordingly, the court has jurisdiction.

In PCR proceedings, the petitioner bears the burden to prove "by a preponderance of the evidence that one or more fundamental errors rendered his conviction defective." *In re Brown*, 2015 VT 107, ¶ 9, 200 Vt. 116, 120 (quoting *In re Hemingway*, 168 Vt. 569, 570 (1998)). Summary judgment is appropriate when there are no genuine disputes of material fact and the moving party is entitled to judgment as a matter of law. V.R.C.P. 56(a). The facts are viewed in the light most favorable to the nonmoving party. *In re Hemingway*, 2014 VT 42, ¶ 7, 196 Vt. 384, 388. Because the facts are undisputed, the matter turns on whether one of the parties is

entitled to judgment as a matter of law. The motions are timely under V.R.C.P. 56(b) by stipulation and court order.

V.R.Cr.P. 11(f) provides that "[n]otwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea." The rule

> is intended to prevent the entry of false guilty pleas in situations where the defendant does not completely understand the elements of the charge or realize that [he or she] has a valid defense, where the defendant is pleading guilty because of psychiatric disturbance or like incompetency, or where the defendant is deliberately pleading guilty to shield an innocent person.

*In re Stocks*, 2014 VT 27, ¶ 12, 196 Vt. 160, 166 (quoting Reporter's Notes to V.R.Cr.P. 11(f)).

Numerous Vermont Supreme Court cases interpreting Rule 11(f) established three central rules governing guilty-plea colloquies: First, "Rule 11(f) required a recitation of the facts underlying the charges and some admission or acknowledgement by defendant of those facts." *In re Barber*, 2018 VT 78, ¶ 11. Second, "a defendant's oral or written stipulation to the facts could support compliance with Rule 11(f)." *Id.* ¶ 12. Third, "substantial compliance" was enough to satisfy Rule 11(f). See *id.* ¶ 13.

In August 2017, however, the Court issued *In re Bridger*, 2017 VT 79, 205 Vt. 380, which upheld the first rule and overruled the second and third. See *In re Barber*, 2018 VT 78, ¶¶ 11–13. The Court then issued *In re Barber*, where it held that *Bridger's* holdings overruling the second and third rules do not apply retroactively. See *id*. ¶¶ 12, 13. The result is that rule one is unchanged and remains the law, while rules two and three continue to apply to cases where direct review was concluded at the time *Bridger* was decided. See *id.* ¶¶ 11–13. In other words, in those cases, collateral proceedings are evaluated under pre-*Bridger* standards. *Id.* ¶ 1.

Here, all relevant events took place before *Bridger* was decided and there was no direct review. Thus, the court must apply the pre-*Bridger* rules. Because there was no oral or written stipulation in this case, rule two is not at issue. Accordingly, the question before the court is whether there was substantial compliance with the first rule, which requires "a recitation of the facts underlying the charges and some admission or acknowledgement by defendant of those facts." *In re Barber*, 2018 VT 78, ¶ 11. Stated more precisely, "the defendant [must] admit to and possess an understanding of the facts as they relate to the law for all elements of the charge or charges to which the defendant has pleaded." *State v. Yates*, 169 Vt. 20, 24 (1999); see also *In re Kasper*, 145 Vt. 117, 120 (1984) ("The record must reveal that the elements of each offense were explained to the defendant and that a factual basis for each element was admitted."). No particular formula is required to determine that there is a factual basis for a plea. *In re Stocks*, 2014 VT 27, ¶ 15.

Petitioner's only quarrel with the January 6 plea colloquy is that the court grouped the 14 charges together instead of reciting each individually. He submits that the court only referenced the September 1, 2012 to May 31, 2012 time period and failed to specify the date each letter was sent. He thus maintains that the court failed to establish a factual basis for each charge. Petitioner asks for more than was required.

The court's Rule 11(f) obligation was to outline the elements of the offenses and the facts alleged to satisfy those elements. The court was then to ensure that Petitioner understood the

relationship between those facts and the elements, and then obtain Petitioner's admission to those facts. The VCR offense is found in 13 V.S.A. § 7559(e), which provides: "The State's Attorney may commence a prosecution for criminal contempt under Rule 42 of the Vermont Rules of Criminal Procedure against a person who violates a condition of release imposed under section 7554 of this title." Section 7554 authorizes the court to place restrictions on a defendant's associations during the period of release, 13 V.S.A. § 7554(a)(1)(B), and to specifically order that a defendant not contact a victim or potential witness. *Id*. § 7554(a)(3). These statutory provisions were the same in January 2015. Thus, the court had to inform Petitioner that each charge alleged that 1) he contacted Ms. Davis by sending a letter, 2) this act violated the conditions of release imposed on him, and 3) he had notice, or knowledge, of those conditions. Cf. *State v. Prior*, 2007 VT 1, ¶ 12, 181 Vt. 564, 566 (outlining elements for analogous VCR).

The court informed Petitioner that each count alleged: "between September 1st, 2012 and May 31st of 2013, you violated release conditions properly imposed under law and that you violated condition number 14 which was not to have contact with Melanie Davis. And it's alleged that you violated that on different occasions by sending fourteen different letters to her." The court then obtained Petitioner's acknowledgement that he understood "those charges based on those facts." The court then asked Petitioner how he pled to those charges "of sending those individual letters in attempt to contact Melanie Davis in violation of release conditions that were imposed on you prior to the dates you sent those letters." The answer: "I plead guilty." Petitioner then answered affirmatively to the question: "And do you agree those facts did happen and you committed the offense in that manner?"

As to the first two elements, the court made it plain that each of the 14 charges alleged that he contacted Ms. Davis by sending a letter and that this act violated the conditions of release imposed on him. The court ensured that Petitioner understood the charges based on the facts and obtained Petitioner's admission to those facts.

The colloquy is weaker on the third element of the offense: that Petitioner had notice, or knowledge, of the release conditions. The court could have inquired, for example, whether Petitioner received the list of conditions or whether he was told about them. This weakness, however, does not violate Rule 11(f). On this issue, the court informed Petitioner of the following: "you violated release conditions *properly imposed under law* and . . . you violated *condition number 14* which was not to have contact with Melanie Davis." The court then identified the release conditions as those "imposed on you *prior to the dates you sent those letters*." Petitioner acknowledged that he understood and admitted to the facts. By obtaining Petitioner's understanding and admission that the conditions were properly imposed under law, by specifying the specific violated condition, and by clarifying that the conditions were imposed prior to the dates he sent the letters, the court confirmed that Petitioner had notice of the conditions and thereby ensured substantial compliance with Rule 11(f) on this element of the VCR offense.

Finally, there is no merit to Petitioner's argument that the court impermissibly grouped the 14 counts together. The elements for all 14 counts were exactly the same. The acts constituting the offenses, moreover, were indistinguishable but for the date each letter was sent. The date each letter was sent, however, was not an element of the offenses and the State was free to charge that the offenses occurred during the course of several months. *State v. Infante*, 157 Vt. 109, 111 (1991) ("It is settled that the State may charge that an offense occurred on a nonspecific date."). Thus, the dates the letters were sent were not essential facts because they

did not pertain to any element of the offenses. Accordingly, the court was under no obligation to specify the date each letter was sent.

Under Petitioner's view, the court was required to repeat the same information 14 times, adding only the specific date of the letter. Petitioner cites *In re Haskins*, No. 2017-354, 2018 WL 5785335 (Vt. Nov. 2, 2018) for the proposition. The case, however, supports the opposite conclusion. In *Haskins*, the petitioner was charged with several offenses in different dockets. *Id.* at *1. In one docket, he was charged with six counts of violating an abuse prevention order (VAPO) and six counts of VCR. *Id.* In a different docket, the petitioner was charged with two counts of VAPO and two counts of VCR by contacting the victim in the form of writing two letters. *Id.* As to the first docket, the plea-colloquy court outlined the dates, times, and places of each VAPO and VCR count. *Id.* On the second docket, however, the court explained that the first VAPO count stemmed from writing a letter between August 23 and September 18 of 2013. *Id.* at *2. The court then addressed the second VAPO count: "Count II also alleged to be a VAPO, also alleged to have occurred between August 23 and September 18 of 2013, again, writing a letter." *Id.* Finally, the court said the following:

> Counts III and IV of this docket number go back to the allegation that you violated your release conditions by violating the no-contact provisions. Again Count III is alleged that you violated your release provisions, which prohibited contact by writing that same letter . . . between August 23 and September 18. And Count IV is a violation of conditions of release writing a second letter sometime between August 23, 2013 and September 18 of 2013.

*Id.* A panel of the Supreme Court concluded that the colloquy satisfied Rule 11(f) under pre-*Bridger* standards. *Id.* at *3.

The *Haskins* plea-colloquy court and the Criminal Division in this case told the defendants the same information. Telling a defendant that he violated one count by writing a letter between August 23 and September 18, and that he violated a different count by writing a second letter during the same time period, is equivalent to telling him that he violated two counts by sending two letters during that time period. Here, the court told defendant that he violated 14 counts by sending 14 letters between September 1st, 2012 and May 31st of 2013. This is equivalent to the information the *Haskins* petitioner received. Again, Rule 11(f) does not require a specific formula. *In re Stocks*, 2014 VT 27, ¶ 15. The outcome of this case must be the same as *Haskins*. The Criminal Division's January 6 colloquy satisfied Rule 11(f) under pre-*Bridger* standards.

Petitioner has failed to meet his burden to prove that he is entitled to judgment as a matter of law. The State has met that burden in its cross-motion for summary judgment. Accordingly, Petitioner's motion is DENIED and the State's cross-motion is GRANTED.

So ordered.

_____
**David Barra**
**Superior Court Judge**